

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-408-CR**

JAMES CRAIG STEVENS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one point, Appellant James Craig Stevens asserts that the trial court erred by denying Stevens's request for DNA testing.  We affirm.

------

[1]  *See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural History

On October 1, 1997, Stevens was convicted by a jury of the first degree felony offense of aggravated sexual assault of a child under fourteen years of age.[2]  The jury assessed punishment at twenty-eight years' confinement. Stevens appealed, and this court affirmed Stevens's conviction.  *See Stevens v. State*, No. 02-97-00547-CR (Tex. App.—Fort Worth Nov. 25, 1998, pet. ref'd) (mem. op., not designated for publication).

On December 9, 2002, Stevens filed a motion for forensic DNA testing and appointment of counsel.  The trial court appointed counsel for Stevens on December 9, 2002.  The State filed its response to the motion and proposed findings of fact and conclusions of law on September 16, 2008.  It also provided two affidavits from the Fort Worth Police Department indicating that the police had never possessed any DNA evidence in the case and a police report recounting the complainant's assault allegations, including that the last one occurred a month before her outcry, and an admission by Stevens.  The trial court denied Stevens's motion and adopted the State's proposed findings and conclusions on October 1, 2008.

Among those findings and conclusions were as follows:

---

[2] *See* Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008).

Findings of Fact

5.  The Fort Worth Police Department, Property Room was never in possession of any evidence in this case. . . . ;

6.  The Fort Worth Police Department, Forensics Division was never in possession of any evidence relating to this case. . . . ;

7.  There is evidence that the victim's outcry occurred approximately one month after the last sexual assault. . . . ;

8.  There is no evidence to test in this case.

Conclusions of Law

2.  No evidence exists in a condition making DNA testing possible.

3.  Defendant is not entitled to DNA testing.

This appeal followed.

### III.  Discussion

**A. Standard of Review**

We employ a bifurcated standard of review to a trial court's decision to deny a motion for DNA testing, affording almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor and reviewing de novo other application-of-law-to-fact issues.  *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

3

**B. Applicable Law**

Under chapter 64 of the code of criminal procedure, a court must order DNA testing only if the statutory preconditions are met. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). The particular provision at issue here sets out:

> (a) A convicting court may order forensic DNA testing under this chapter only if:
>
>> (1) the court finds that:
>>
>>> (A) the evidence:
>>>
>>>> (i) still exists and is in a condition making DNA testing possible; and . . .
>>>
>>> (B) identity was or is an issue in the case. . . .
>
> (b) A convicted person who . . . whether before or after conviction, made a confession or similar admission in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that . . . admission . . . .

Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2008).

**C. Analysis**

In his sole issue, Stevens argues that the trial court abused its discretion by denying his motion by considering his admission of guilt in the police report and then determining that identity was not an issue, stating, "[b]y inference the State is alleging the applicant admitted the offense by including police report

4

with admission." However, according to the code of criminal procedure, to order DNA testing, the trial court must find that DNA evidence still exists *and* that identity was an issue. *See id.* art. 64.03(a). The court's findings of fact and conclusions of law demonstrate that the trial court denied Stevens's motion because DNA did not exist, and not because identity, which was not addressed, was not an issue. Therefore, the consideration, or lack of consideration, of the purported admission is immaterial. Further, a relevant reason for the police report's inclusion is that it explains the absence of DNA—that is, the date of the report is a month after the last assault alleged by the complainant.

For the foregoing reasons, we hold that the trial court did not abuse its discretion by denying Stevens's motion for forensic DNA testing, and we overrule Stevens's sole issue.

## IV. Conclusion

Having overruled Stevens's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2009

5